Patrick G. Byrne, Esq. (NV Bar No. 7636)
V.R. Bohman, Esq. (NV Bar No. 13075)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: pbyrne@swlaw.com
       vbohman@swlaw.com

*Attorneys for Defendants Daniel Defense, Inc.
and Sportsman's Warehouse, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES PARSONS, individually and as Special Administrator of the Estate of Carolyn Lee Parsons, and ANN-MARIE PARSONS,<br><br>Plaintiffs,<br><br>vs.<br><br>COLT'S MANUFACTURING COMPANY LLC; COLT DEFENSE LLC; DANIEL DEFENSE INC.; PATRIOT ORDNANCE FACTORY; FN AMERICA; FN HERSTAL; HERSTAL GROUP; NOVESKE RIFLEWORKS LLC; CHRISTENSEN ARMS; LEWIS MACHINE & TOOL COMPANY; LWRC INTERNATIONAL LLC; DISCOUNT FIREARMS AND AMMO LLC; DF&A HOLDINGS LLC; MAVERICK INVESTMENTS LP; SPORTSMAN'S WAREHOUSE; and GUNS AND GUITARS INC.,<br><br>Defendants. | CASE NO.: 2-19-cv-01189-APG-EJY<br><br>**DEFENDANTS DANIEL DEFENSE AND SPORTSMAN'S WAREHOUSE'S SEPARATE REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS COMPLAINT [ECF NO. 80]** |

Defendants Daniel Defense, Inc. and Sportsman's Warehouse, Inc. ("Defendants") submit this separate reply brief, focusing exclusively on Nevada law, to aid the Court in resolving this matter. Defendants also join in full the reply brief submitted by Codefendants[1] in support of the joint motion to dismiss, ECF No. 80, primarily addressing the PLCAA.

## MEMORANDUM OF POINTS AND AUTHORITIES

After an ample opportunity to draft their Opposition,[2] Plaintiffs cannot avoid that both state and federal law immunizes Defendants from their claims. In addition to the reasons articulated in Codefendants' reply brief, two independent requirements of Nevada law compel dismissal of Plaintiffs' claims. Further, dismissal should be with prejudice.

**First**, NRS 41.131 grants gun manufacturers and distributors broad immunity from claims premised on a third-party using a firearm to harm someone. Plaintiffs' cursory attempt to portray the statute's scope as narrow is misguided and defeated by the statute's text, legislative history, and the liberal construction required under Nevada law. Moreover, Plaintiffs' interpretation of NRS 41.131 would mean that the statute only precludes claims that don't exist, rendering the statute meaningless and violating a cardinal canon of statutory construction.

**Second**, Plaintiffs cannot establish causation because the Shooter's criminal acts are the superseding cause of Plaintiffs' harm and thus sever the chain of causation. Plaintiffs' allegations address only the potential danger of firearms and fail to show that Defendants had actual or constructive knowledge about the Shooter's planned criminal behavior. Accepting Plaintiffs' theory would abrogate the principle of proximate causation and improperly make manufacturers and distributors of any potentially dangerous instrument the de facto insurers of the general public against criminal third-party acts.

---

[1] Colt's Manufacturing Company LLC, Colt Defense LLC, Patriot Ordnance Factory, Inc., FN America, Noveske Rifle Works LLC, Christensen Arms, Lewis Machine & Tool Company, LWRC International LLC, Discount Guns & Ammo, DF&A Holdings LLC, Maverick Investments LP, and Guns & Guitars, Inc. ("Codefendants").

[2] Plaintiffs' Opposition to Defendants' Motion to Dismiss filed November 22, 2019, ("Opposition") as ECF No. 88.

- 1 -

Accordingly, Plaintiffs' complaint must be dismissed with prejudice for three reasons: amendment is futile because the claims are barred as a matter of law; Plaintiffs implicitly concede that the defects identified in the motion to dismiss cannot be remedied by amending the complaint;[3] and they do not request leave for such amendment.[4]

**I.      NRS 41.131 wholly bars Plaintiffs' claims as a matter of law.**

The Nevada Legislature, through NRS 41.131, has barred Plaintiffs' claims as a matter of law. Unable to provide any meaningful response to NRS 41.131's sweeping immunity, Plaintiffs relegate it to the final two paragraphs of their Opposition.[5] Notably, they do not dispute that Nevada law requires liberal construction of the immunity that NRS 41.131 provides; they simply assert without support that the immunity is narrow. However, NRS 41.131 is in fact broader than its federal and state counterparts, containing only a single exception that is not applicable here. Further, Plaintiffs' narrow interpretation renders the immunity meaningless and its sole exception nonsensical in violation of foundational canons of statutory construction.

**A. Plaintiffs do not dispute Defendants' immunity should be construed liberally.**

Plaintiffs implicitly concede, as they must, that NRS 41.131 should be construed liberally. As explained in the Motion to Dismiss, that statute is intended to protect firearm manufacturers and distributors from civil claims arising from criminal shootings by third parties and therefore should be liberally construed to provide that protection under controlling Nevada law.[6] The legislative history cited in the Motion to Dismiss[7] underscores this point: "[I]f someone shoots a firearm and hurts somebody, you can't sue the firearms manufacturer because it shoots."[8] This is because "a

---

[3] *See* ECF No. 80 at 3:15–18.

[4] *See generally* ECF No. 88; *see also* Local Rule 15-1(a) ("Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading.").

[5] ECF No. 88 at 24–25.

[6] ECF No. 80 at 21:12–22:2.

[7] *Id.* at 21:5–10.

[8] Hearing on S.B. 211 Before the S. Comm. on Judiciary, 1985 Leg., 63rd Leg. Sess. (Nev. Apr. 17, 1985).

- 2 -

gun in itself is not to be determined as at fault in the case of a death or injury . . . . [Rather] the liability would be on the handler of the gun."[9] In fact, the Senate Committee Chairman "clarified that it was [the bill sponsor's] intent to *not* have a firearms manufacturer sued by his heirs if he were murdered."[10]

Plaintiffs do not dispute that Defendants' immunity must be construed liberally or that the legislative history confirms that it is intended to prevent suits precisely like this one. Nevertheless, Plaintiffs improperly attempt to narrow the immunity so far that it disappears altogether.

**B.  NRS 41.131 is broader than its counterparts in other jurisdictions.**

Based on Defendants' review, no state or federal statute provides broader immunity to firearm manufacturers and distributors than NRS 41.131. Plaintiffs' cursory, contrary analysis is mistaken. Unlike federal statutes or the analogous Colorado statute addressed in *Phillips v. Lucky Gunner*,[11] NRS 41.131 does *not* include an exception to immunity for violations of state or federal law.[12] All three statutes begin with substantially similar sweeping proclamations that no cause of action is permitted against gun manufacturers or distributors for claims based on harm caused by a third party using a firearm against a victim.[13] The three statutes also explicitly exempt product-defect claims from the scope of their grants of immunity.[14] But unlike federal statute or the analogous Colorado statute, NRS 41.131 provides only a single exception. Accordingly, NRS 41.131 is broader than federal statute or the Colorado statute and does not, as Plaintiffs implicitly contend, exclude purported violations of state or federal law from its preclusion of claims against

---

[9] Hearing on S.B. 211 Before the S. Comm. on Judiciary, 1985 Leg., 63rd Leg. Sess. (Nev. Mar. 13, 1985).

[10] Hearing on S.B. 211 Before the S. Comm. on Judiciary, 1985 Leg., 63rd Leg. Sess. (Nev. Apr. 17, 1985) (emphasis added).

[11] *Phillips v. Lucky Gunner, LLC*, 84 F. Supp. 3d 1216, 1221–22 (D. Colo. 2015) (addressing Colo. Rev. Stat. § 13-21-501 *et seq.*).

[12] *Compare* NRS 41.131(1), *with* 15 U.S.C. §§ 7902, 7903(5)(A)(iii), *and* Colo. Rev. Stat. § 13-21-504.5(4).

[13] *Compare* NRS 41.131(1), *with* 15 U.S.C. §§ 7901(b)(1), 7902, 7903(5)(A), *and* Colo. Rev. Stat. §§ 13-21-501(1), 13-21-504.5(1).

[14] *Compare* NRS 41.131(2), *with* 15 U.S.C. § 7903(5)(A)(v), *and* Colo. Rev. Stat. § 13-21-504.5(1).

- 3 -

gun manufacturers and distributors.

Plaintiffs mistakenly argue that the Colorado statute raised in *Phillips* is "far broader than" NRS 41.131 because the Colorado statute includes the phrase "any remedy" in describing the claims it precludes.[15] But that phrase merely signifies that a Colorado plaintiff may seek both damages and injunctive relief for a product-defect claim, whereas only damages are available for torts caused by a manufacturer or distributor's violation of state or federal law.[16] Thus, the *Phillips* court reasoned:

> The only exceptions to the broad immunity granted to [the defendants] are a product liability action in [Colo. Rev. Stat. § 13-21-504.5](1) and an action in tort for any damages proximately caused by the violation of a state or federal statute or regulation in [subsection](4). Plaintiffs have not pleaded a product liability action against defendants under the first exception and the second exception is not applicable because Plaintiffs are not seeking "damages [but only injunctive relief]." The Colorado legislature specifically limited suits against [defendants] to those where the plaintiff requests "damages" for relief, except in a product liability action which includes "any remedy [including injunctive relief]." Subsection (2) precludes liability of the [defendants] for the actions of [the shooter] in any type of action. The plaintiffs' claims of negligence, negligent entrustment and public nuisance based on the sales of ammunition to [the shooter] are barred and "shall" be dismissed.[17]

In contrast, NRS 41.131 does *not* limit its grant of immunity based on the type of relief a plaintiff seeks, and as discussed above, does *not* exempt claims for acts by gun manufacturers or distributors that allegedly violate state or federal law.

**C. Plaintiffs' narrow interpretation of NRS 41.131 renders the statute meaningless because it would only preclude claims that don't exist.**

Plaintiffs assert that NRS 41.131(1) immunizes Defendants only against allegations that independently fail to state a claim, rendering the statute meaningless. Undergirding all statutory construction is the basic and intuitive directive that "[a] statute should not be construed as to be

---

[15] ECF No. 88 at 25:2–5.

[16] Colo. Rev. Stat. § 13-21-504.5.

[17] *Phillips*, 84 F. Supp. 3d at 1222 (internal citation omitted).

- 4 -

1 rendered meaningless."[18] Accordingly, Plaintiffs' narrow interpretation must be rejected.

2 In Plaintiffs' view, NRS 41.131 only precludes causes of action against a firearm
3 manufacturer or distributor where the allegations are limited to the following: (1) the firearm is
4 capable of causing serious injury, damage, or death; (2) was discharged; and (3) proximately
5 causing serious injury, damage, or death.[19] Following Plaintiffs' flawed logic, because Plaintiffs
6 have alleged here that Defendants also "knowingly violated federal and state law by selling and
7 distributing machine guns," Plaintiffs erroneously contend that their claims escape the scope of
8 NRS 41.131.[20] But there is no statutory or common-law cause of action consisting of only these
9 three elements. So, even if NRS 41.131 did not exist, a plaintiff who asserts a cause of action using
10 *only* these elements has failed to state a cognizable claim. To avoid dismissal under FRCP 12(b)(6),
11 a plaintiff must therefore *always* allege additional facts that satisfy the elements of a recognized
12 tort, such as negligence. Accordingly, Plaintiffs' interpretation of NRS 41.131 would render it
13 meaningless: precluding claims that do not and cannot exist.

14 Plaintiffs ignore the inevitable conclusion that their interpretation of NRS 41.131 offers
15 absolutely no immunity to gun manufacturers or distributors—a position directly in conflict with
16 the statute's text, legislative history, and protective intent. This Court should liberally construe
17 Defendants' broad immunity from Plaintiffs' claims premised on a third-party using a firearm to
18 harm someone.

### D. Plaintiffs' narrow reading also renders the immunity's sole exception nonsensical.

21 If Plaintiffs' narrow interpretation were correct, the sole exception to NRS 41.131's broad
22 immunity would be nonsensical, exempting claims that by definition would already be beyond the

---

[18] *See, e.g.*, *Wilshire Oil Co. of Cal. v. Costello*, 348 F.2d 241, 243 (9th Cir. 1965); *Rosado v. Wyman*, 90 S. Ct. 1207, 1219 (1970) (same).

[19] *See* ECF No. 88 at 24:22–25.

[20] ECF No. 88 at 24:27–28. Plaintiffs use the same reasoning to attempt to avoid *Merrill v. Navegar, Inc.*, 28 P.3d 116 (Cal. 2001). *Compare* ECF No. 80 at 22:20–23:10, *with* ECF No. 88 at 25 n.14.

- 5 -

statute's scope. "[C]ourts should avoid construing statues so that any provision or clause is rendered meaningless."[21] Again, Plaintiffs' narrow interpretation must be rejected.

To successfully assert a product-defect claim in Nevada based on either a design or manufacturing defect, a plaintiff must allege, among other things, that the product is defective.[22] Accordingly, a plaintiff bringing a product-defect claim *must* assert allegations beyond the fact that the firearm (1) was capable of causing serious injury, damage, or death; (2) was discharged; and (3) proximately caused the user's serious injury, death, or damage. Thus, under Plaintiffs' narrow interpretation of NRS 41.131, an adequately alleged product-defect claim would always fall outside the statute's scope of immunity, *even if the product-defect exception didn't exist*. It would be nonsensical for the Nevada Legislature to provide an exception to NRS 41.131's immunity for claims that, under Plaintiffs' interpretation, would not be entitled to immunity in the first place. Thus, Plaintiffs' untenable interpretation of NRS 41.131 not only renders the immunity meaningless, but also makes its sole exception nonsensical.

The Nevada Legislature has broadly precluded any cause of action against a firearm manufacturer or distributor based on a third party's use of a firearm to harm someone, and Plaintiffs do not dispute that this Court should liberally construe this immunity. Defendants request that this Court effectuate the Legislature's intended protections: "[I]f someone shoots a firearm and hurts somebody, you can't sue the firearms manufacturer because it shoots."[23] This is because "a gun in itself is not to be determined as at fault in the case of a death or injury . . . . [Rather] the liability would be on the handler of the gun."[24] A narrow reading of this immunity is improper for this protective statute, eviscerates its legislative intent, and independently renders the immunity meaningless and its sole exception nonsensical.

---

[21] *In re Estate of Thomas*, 998 P.2d 560, 562 (Nev. 2000); *see also Costello*, 348 F.2d at 243.

[22] *See, e.g.*, *Ford Motor Co. v. Trejo*, 402 P.3d 649, 653 (Nev. 2017).

[23] Hearing on S.B. 211 Before the S. Comm. on Judiciary, 1985 Leg., 63rd Leg. Sess. (Nev. Apr. 17, 1985).

[24] Hearing on S.B. 211 Before the S. Comm. on Judiciary, 1985 Leg., 63rd Leg. Sess. (Nev. Mar. 13, 1985).

**II.      Plaintiffs cannot satisfy the causation element of their claims because the Shooter's unforeseeable criminal act was the superseding cause of the harm they incurred.**

Even if Plaintiffs could avoid the immunity protection under NRS 41.131, their claims would still fail under well settled Nevada law on causation. A third party's criminal act is the superseding cause of a plaintiff's injury and thus severs the chain of causation *unless* the plaintiff can establish that the third-party's actions were foreseeable.[25] The allegations here fall far short of the mark.

As an initial matter, although Plaintiffs assert that proximate cause is "usually" a jury question,[26] that does not end the Court's inquiry. Nevada courts still address this element as a matter of law where the record does not support causation.[27] For example, in *Thomas v. Bokelman*, the plaintiff sued after his wife was murdered by the defendant's brother, a convicted rapist who was temporarily living with the defendant and who used one of the defendant's unsecured rifles to commit the murder.[28] Claiming negligence and wrongful death, the plaintiff sought "to base liability upon the inherently dangerous character of the instruments, the firearms, together with the risk of the keeping of firearms in the proximity of an ex-felon . . . ."[29] The court, however, affirmed summary judgment in favor of the defendant, concluding that the murder was not foreseeable and that his brother's crime was therefore the superseding cause of the harm. "The risk, if any," the court explained, "was that [the rapist] might again rape someone. His history [was] not one that involved weapons" and there had been no violent incidents since he moved in with the defendant.[30] The Court therefore held that, "as a matter of law," the plaintiff could not recover.[31]

---

[25] *Price v. Blaine Kern Artista, Inc*., 893 P.2d 367, 370 (Nev. 1995).

[26] ECF No. 88 at 23:11–12.

[27] *Van Cleave v. Kietz-Mill Minit Mart*, 633 P.2d 1220, 1222 (Nev. 1981); *Thomas v. Bokelman*, 462 P.2d 1020, 1022 (Nev. 1970).

[28] *Thomas*, 462 P.2d at 1022.

[29] *Id*.

[30] *Id*.

[31] *Id*. at 1023.

- 7 -

1      Likewise, even if Plaintiffs here could demonstrate that Defendants acted negligently in any
2 manner, they do not allege that the Defendants could—let alone should—have foreseen the
3 Shooter's abhorrent crime. Rather than squarely address this issue, Plaintiffs perplexingly assert
4 that the Shooter's perpetration of the 1 October Shooting is somehow a "red herring" in the
5 proximate-cause analysis.[32] Plaintiffs then cite to a machinegun's purported rate of fire and their
6 allegation that AR-15s are the weapon of choice for mass shootings—seemingly to portray the
7 Shooter's actions as foreseeable.[33] Under this view of causation, any manufacturer or distributor
8 would be liable for any crime perpetrated using an AR-15. Plaintiffs' construction therefore turns
9 the causation analysis on its head by focusing on the potential dangers of firearms rather than on
10 what indicia made the Shooter's plan to maliciously misuse those firearms foreseeable. And as
11 discussed immediately above, the Nevada Supreme Court rejected a similar argument in *Thomas*,
12 where the defendant had kept unsecured firearms in the vicinity of a convicted rapist. Here, by
13 contrast, Plaintiffs have not alleged that Defendants had any knowledge *about the Shooter*—let
14 alone a basis for even suspecting that he would use the firearms to commit heinous crimes.

15      At bottom, Plaintiffs' theory of the case would altogether abrogate the principles of
16 proximate causation and foreseeability and seeks to hold Defendants strictly liable for any harm
17 caused by the firearms they manufacture and sell. Followed to its logical end, Plaintiffs' argument
18 would result in liability for the manufacturers and sellers of any instrumentality that a criminal has
19 misused in the past to harm others—be it a car, a plane, a knife—regardless of whether there was
20 any basis for the defendant to foresee that the criminal would misuse the instrumentality. The
21 purpose of tort law is not to force manufacturers and distributors of potentially dangerous items to
22 insure the general public against third-party criminal activity, but Plaintiffs' theory of the case
23 requires precisely that result.

---

[32] ECF No. 88 at 24:5–6.

[33] *Id.* at 24:1–12.

- 8 -

## CONCLUSION

Nevada's Legislature enacted sweeping immunity to protect firearm manufacturers and distributors from liability for third-party criminal acts. Such protective statutes are liberally construed in order to achieve their intended purpose. Plaintiffs seek instead to narrow the immunity out of existence, and render its sole exception nonsensical. Moreover, Plaintiffs simply ignore—labelling it a "red herring"—that the Shooter's criminal conduct breaks the causal chain.

Because Plaintiffs' claims are barred, any amendment would be futile. Further, Plaintiffs implicitly concede that the defects identified in the motion to dismiss cannot be remedied by amending the complaint; and Plaintiffs did not request leave to amend. Accordingly, dismissal should be with prejudice.

DATED: December 20, 2019

SNELL & WILMER L.L.P.

Patrick G. Byrne (Nev. #7636)
pbyrne@swlaw.com
V.R. Bohman (Nev. #13075)
vbohman@swlaw.com
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252

*Counsel for Defendants Daniel Defense, Inc.,
And Sportsman's Warehouse, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2019, I electronically transmitted the foregoing **DEFENDANTS DANIEL DEFENSE AND SPORTSMAN'S WAREHOUSE'S SEPARATE REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS COMPLAINT [ECF NO. 80]** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

*/s/ Lyndsey Luxford*
An employee of SNELL & WILMER L.L.P.

4811-3669-1119