# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES PARSONS, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CAROLYN LEE PARSONS, *et al.*,<br><br>Plaintiffs<br><br>v.<br><br>COLT'S MANUFACTURING COMPANY, LLC, *et al.*,<br><br>Defendants | Case No.: 2:19-cv-01189-APG-EJY<br><br>**Order Certifying Questions to the Supreme Court of Nevada** |

I respectfully certify to the Supreme Court of Nevada the following two questions of law that may be determinative of matters before me and as to which there is no clearly controlling precedent in the decisions of the Supreme Court of Nevada or the Nevada Court of Appeals:

- Does a plaintiff asserting a wrongful death claim premised on allegations that firearms manufacturers and dealers knowingly violated federal and state machine gun prohibitions have "a cause of action against the manufacturer or distributor of any firearm . . . merely because the firearm or ammunition was capable of causing serious injury, damage or death, was discharged and proximately caused serious injury, damage or death[,]" under Nevada Revised Statutes § 41.131?

- Does Nevada Revised Statutes § 41.131 allow a wrongful death claim premised on allegations that firearms manufacturers and dealers knowingly violated federal and state machine gun prohibitions because the statute is "declaratory and not in derogation of the common law"?

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

## I. BACKGROUND

Carrie Parsons was killed in the October 1, 2017 mass shooting in Las Vegas. Her parents, plaintiffs James Parsons and Ann-Marie Parsons, sue the manufacturers[1] (Manufacturers) and dealers[2] (Dealers) that made and sold the AR-15 rifles used in the shooting.

The Parsons filed suit in the Eighth Judicial District Court for Clark County, Nevada on July 2, 2019, asserting claims for wrongful death, negligence per se, and negligent entrustment. The defendants removed the case to the United States District Court for the District of Nevada. The defendants moved to dismiss the Parsons' complaint, arguing that their claims are barred by the Protection of Lawful Commerce in Arms Act (PLCAA), Nevada Revised Statutes (NRS) § 41.131, and common-law causation principles. I dismissed the Parsons' negligent entrustment and negligence per se claims without leave to amend because they failed to state a cognizable claim under the PLCAA and Nevada common law. I denied the motion to dismiss the wrongful death claim, concluding that as pleaded it was not barred by the PLCAA or common-law causation principles. *Id.*

The defendants also argued that the Parsons' wrongful death claim is barred by NRS § 41.131, which states that "[n]o person has a cause of action against the manufacturer or distributor of any firearm or ammunition merely because the firearm or ammunition was capable of causing serious injury, damage or death, was discharged and proximately caused serious injury, damage or death." The statute further states that it is "declaratory and not in derogation

---

[1] Colt's Manufacturing Company LLC, Colt Defense LLC, Daniel Defense Inc., Patriot Ordnance Factory, FN America, Noveske Rifleworks LLC, Christensen Arms, Lewis Machine & Tool Company, and LWRC International LLC.

[2] Discount Firearms and Ammo LLC, Sportsman's Warehouse, and Guns and Guitars Inc.

2

of the common law" and includes an exception for actions based on production or design defects. *Id.*

The defendants argue this statute bars the wrongful death claim because the Parsons do not allege that the AR-15s used in the October 1 shooting were defective. The Parsons respond that their suit falls outside of § 41.131's reach because their central allegation is that the defendants violated federal and Nevada law by manufacturing and selling illegal machine guns. Thus, they contend, they are not suing the defendants "merely" because the firearms were capable of causing—and caused—their daughter's death.

The text and legislative history of § 41.131 are capable of multiple reasonable interpretations. The statute was enacted in 1985, but Nevada courts have yet to interpret it. The parties have not identified, and I have not found, a federal or state decision that has even cited it. This case presents important public policy concerns that should be addressed by the Nevada court. I am particularly concerned by the defendants' concession in oral argument that under their interpretation § 41.131 would immunize even a defendant that manufactured and sold Tommy guns or M-16 rifles to civilians. The Supreme Court of Nevada should be allowed to interpret § 41.131 on first impression. So I denied the defendants' motion to dismiss on this ground without prejudice to refiling it, and I certify the above questions to the Supreme Court of Nevada.

## II. PARTIES' NAMES AND DESIGNATION OF APPELLANT AND RESPONDENTS

Plaintiffs: James Parsons, individually and as Special Administrator of the Estate of Carolyn Lee Parsons; Ann-Marie Parsons.

Defendants: Colt's Manufacturing Company LLC; Colt Defense LLC; Daniel Defense Inc.; Patriot Ordnance Factory; FN America; Noveske Rifleworks LLC; Christensen Arms; Lewis Machine & Tool Company; LWRC International LLC; Discount Firearms and Ammo LLC; DF&A Holdings, LLC; Maverick Investments, LP; Sportsman's Warehouse; Guns and Guitars Inc.

Because the defendants argue that § 41.131 mandates dismissal of this lawsuit, I designate the plaintiffs as the appellants.

### III.  NAMES AND ADDRESSES OF COUNSEL FOR THE PARTIES

Counsel for the plaintiffs/appellants:

    Matthew L. Sharp
    Matthew L. Sharp, Ltd.
    432 Ridge St.
    Reno, NV 89501

    Joshua David Koskoff and Katherine Mesner-Hage
    Koskoff, Koskoff, & Bieder, PC
    350 Fairfield Ave.
    Bridgeport, CT 06604

    Richard Friedman
    Friedman Rubin
    1126 Highland Ave.
    Bremerton, WA 98337

Counsel for defendants/respondents Colt's Manufacturing Company, LLC, Colt Defense LLC, Patriot Ordnance Factory, Lewis Machine & Tool Company, and LWRC International, LLC:

    Jay Joseph Schuttert and Alexandria Layton
    Evans Fears & Schuttert LLP
    2300 W. Sahara Avenue
    Suite 950
    Las Vegas, NV 89102

    John Renzulli, Christopher Renzulli, and Scott Charles Allan
    Renzulli Law Firm, LLP
    One North Broadway, Suite 1005
    White Plains, NY 10601

Counsel for defendants/respondents FN America:

    Jessica Chong, Mary Bacon, and John Mowbray
    Spencer Fane LLP
    300 S. Fourth Street
    Suite 950
    Las Vegas, NV 89101

    Camden R. Webb and Robert C. Van Arnam
    Williams Mullen
    301 Fayetteville St., Ste. 1700
    Raleigh, NC 27601

    Justin S. Feinman and Turner A. Broughton
    Williams Mullen
    200 South 10th Street 16th Floor
    Richmond, VA 23219

Counsel for defendants/respondents Christensen Arms:

    Jay Joseph Schuttert and Alexandria Layton
    Evans Fears & Schuttert LLP
    2300 W. Sahara Avenue
    Suite 950
    Las Vegas, NV 89102

    Bryon J. Benevento
    Dorsey & Whitney, LLP
    111 S. Main Street, Suite 2100
    Salt Lake City, UT 84111-2176

Counsel for defendants/respondents Daniel Defense, Inc. and Sportsman's Warehouse:

    Patrick Byrne and V. R. Bohman
    Snell & Wilmer L.L.P.
    3883 Howard Hughes Pkwy., Ste. 1100
    Las Vegas, NV 89169

Counsel for defendant/respondent Noveske Rifleworks, LLC:

    Loren Young
    Lincoln, Gustafson & Cercos
    3960 Howard Hughes Parkway, Suite 200
    Las Vegas, NV 89169

Anthony Pisciotti, Ryan Erdreich, and Danny C. Lallis
Pisciotti Malsch
30 Columbia Turnpike, Suite 205
Florham Park, NJ 07932

Counsel for defendants/respondents Guns & Guitars, Inc.:

Michael Nunez
Murchison & Cumming, LLP
350 S. Rampart Blvd., Suite 320
Las Vegas, NV 89145

James B. Vogts
Swanson, Martin & Bell LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611

Counsel for defendants/respondents Discount Firearms and Ammo, LLC, DF&A Holdings, LLC, and Maverick Investments, LP:

Ismail Amin and Jessica Guerra
The Amin Law Group, Ltd.
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169

Christopher M. Chiafullo
The Chiafullo Group, LLC
244 Fifth Avenue, Suite 1960
New York, NY 10001

## IV. ANY OTHER MATTERS THE CERTIFYING COURT DEEMS RELEVANT TO A DETERMINATION OF THE QUESTIONS CERTIFIED

I defer to the Supreme Court of Nevada to decide whether it requires any other information to answer the certified questions. I do not intend my framing of the questions to limit the Supreme Court of Nevada's consideration of the issues.

/ / / /

/ / / /

/ / / /

## V. CONCLUSION

I THEREFORE ORDER the Clerk of Court to forward this Order under official seal to the Supreme Court of the State of Nevada, 201 South Carson Street, Suite 201, Carson City, Nevada 89701-4702.

DATED this 10th day of April, 2020.

                                                ANDREW P. GORDON
                                                UNITED STATES DISTRICT JUDGE