**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES PARSONS, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CAROLYN LEE PARSONS, *et al.*, | Case No.: 2:19-cv-01189-APG-EJY |
| | **Order Granting Motion for Reconsideration** |
| Plaintiffs | [ECF No. 100] |
| v. | |
| COLT'S MANUFACTURING COMPANY, LLC, *et al.*, | |
| Defendants | |

Plaintiffs James and Ann-Marie Parsons move for partial reconsideration of my order dismissing their negligence per se claim. They argue that because I am certifying two questions of law to the Supreme Court of Nevada and the legal basis for dismissal is an open question of state law, I should certify their negligence per se claim to the Supreme Court of Nevada as well. The defendants respond that the Supreme Court of Nevada has decided the legal issue and the Parsons do not meet the standards for certification or reconsideration. I grant the Parsons' motion because the Supreme Court of Nevada has not addressed negligence per se in this context and certification of this question will "save time, energy, and resources and help[] build a cooperative judicial federalism." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (quotations omitted).

## I.   DISCUSSION

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)

(quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LR 59–1(a).  A district court may also reconsider its decision if "other, highly unusual, circumstances" warrant it. *Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 1263.

"Certification of open questions of state law to the state supreme court . . . rests in the sound discretion of the federal court." *Thompson*, 547 F.3d at 1065 (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).  District courts should consider whether the state law question presents significant issues with "important public policy ramifications," comity, the state supreme court's case load, and federalism. *Kremen v. Cohen*, 325 F.3d 1035, 1038 (9th Cir. 2003).  However, "[t]here is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision." *Thompson*, 547 F.3d at 1065.

In my underlying order, I recognized there are reasonable arguments under Nevada law "that there is a presumption that a violation of a penal statute is not negligent per se absent legislative intent, or that there is a presumption that a violation of a penal statute is negligent per se absent legislative intent to the contrary." ECF No. 98 at 7.  I applied the former interpretation because courts in this district have opted for it. *Id.*  Having reread the underlying state court decisions, I am persuaded that the Supreme Court of Nevada should answer that question in this context.

In *Hamm v. Carson City Nugget, Inc.*, the Supreme Court of Nevada rejected a negligence per se claim premised on violations of alcohol laws. 450 P.2d 358, 360 (Nev. 1969).

The court reasoned that because the legislature had provided for civil liability in the immediately preceding section of a statute, a violation of the statute was not negligence per se because that "would subvert the apparent legislative intention." *Id.* The *Hamm* court recognized that its holding was a departure from two prior decisions finding negligence per se on the basis of a violation of a penal statute. *Id.* (citing *Southern Pacific Co. v. Watkins*, 435 P.2d 498 (1967); *Ryan v. Manhattan Big Four Mining Co.,* 145 P. 907 (1914)). Neither of these cases, however, considered legislative intent to impose civil liability. *Watkins*, 435 P.2d at 492; *Ryan*, 145 P. at 908.

In two later cases, the Supreme Court of Nevada cited *Hamm* for the proposition that "[i]n the absence of legislative intent to impose civil liability, a violation of a penal statute is not negligence per se." *Hinegardner v. Marcor Resorts, L.P.V.*, 844 P.2d 800, 803 (Nev. 1992); *Bell v. Alpha Tau Omega Fraternity, Eta Epsilon Chapter*, 642 P.2d 161, 162 (Nev. 1982). Like *Hamm,* both cases involved violations of alcohol laws. Neither case considered that *Hamm* also supports a presumption that a violation of a penal statute is negligence per se absent legislative intent not to impose civil liability because it found an expression of legislative intent not to impose civil liability. Nor did they consider that *Hamm* relied on two earlier cases devoid of any mention of legislative intent.

Finally, the federal courts that have addressed the issue have done so without any analysis of the origins of this presumption under Nevada law. *See Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-01649-JCM-CWH, 2012 WL 5511616, at *3 (D. Nev. Nov. 14, 2012); *Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1200 (D. Nev. 2009); *Harlow v. LSI Title Agency, Inc.*, No. 2:11-cv-01775-PMP-VCF, 2012 WL 5425722, at *3 (D. Nev. Nov. 6, 2012). Because the Supreme Court of Nevada's decisions support either presumption and do not address the issue

1  outside the context of alcohol laws, the issue remains an open question of state law.  And

2  because I dismissed the Parsons' negligence per se claim on this basis, it is a dispositive one.

3         The Parsons also meet the standards for reconsideration and certification.  The Parsons

4  did not argue for certification of this question in the briefing on the defendants' motion to

5  dismiss, but the motion was briefed and argued alongside their motion to remand, which argued

6  that the entire case should be heard by state courts.  Certification will save time and judicial

7  resources because the Ninth Circuit may certify this question on appeal and I am certifying two

8  other questions to the Supreme Court of Nevada.  And, most importantly, certification will allow

9  the Supreme Court of Nevada to decide an issue that has important public policy ramifications

10 for the citizens of this state.  These circumstances constitute "other, highly unusual,

11 circumstances" warranting reconsideration. *Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at

12 1263.  So I amend my certification order to include the following question:

13 • Under Nevada law, can a plaintiff assert a negligence per se claim predicated on
       violations of criminal federal and state machine gun prohibitions absent evidence of
14     legislative intent to impose civil liability?

15        I also dismissed the Parsons' negligence per se claim against the manufacturer

16 defendants[1] because they were named only in their capacity as manufacturers and the Protection

17 of Lawful Commerce in Arms Act (PLCAA) permits negligence per se actions only against

18 sellers. ECF No. 98 at 5.  If the Supreme Court of Nevada's answer on the certified question

19 allows the negligence per se claim to proceed, I grant the Parsons' leave to amend it against the

20 manufacturer defendants if they can plead facts showing that the manufacturer defendants are

21 subject to suit as sellers under the PLCAA.  In the interim, I modify my prior order by denying

22

23 [1] Colt's Manufacturing Company LLC, Colt Defense LLC, Daniel Defense Inc., Patriot
   Ordnance Factory, FN America, Noveske Rifleworks LLC, Christensen Arms, Lewis Machine &
   Tool Company, and LWRC International LLC.

the defendants' motion to dismiss the Parsons' negligence per se claim against the seller

defendants without prejudice to refiling.[2]

## II.    CONCLUSION

I THEREFORE GRANT that the plaintiffs' **motion for reconsideration (ECF No. 100)**

of my order granting in part and denying in part the defendants' motion to dismiss.  The

plaintiffs' negligence per se claim is dismissed against the manufacturer defendants with leave to

amend within 30 days of the Supreme Court of Nevada's decision on the certified questions.

The defendants' motion to dismiss the plaintiffs' wrongful death claim against all defendants and

negligence per se claim against the seller defendants is denied without prejudice to refiling it

within 45 days of the Supreme Court of Nevada's decision on the certified questions.  But if the

plaintiffs amend their complaint, the normal motion deadlines will apply.

DATED this 8th day of May, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] The seller defendants are Discount Firearms and Ammo LLC, Sportsman's Warehouse, and
Guns and Guitars Inc.