# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES PARSONS, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CAROLYN LEE PARSONS, *et al.*,<br><br>      Plaintiffs<br><br>v.<br><br>COLT'S MANUFACTURING COMPANY, LLC, *et al.*,<br><br>      Defendants | Case No.: 2:19-cv-01189-APG-EJY<br><br>**Amended Order Certifying Questions to the Supreme Court of Nevada** |

I respectfully certify to the Supreme Court of Nevada the following two questions of law that may be determinative of matters before me and as to which there is no clearly controlling precedent in the decisions of the Supreme Court of Nevada or the Nevada Court of Appeals:

- Under Nevada law, can a plaintiff assert a negligence per se claim predicated on violations of criminal federal and state machine gun prohibitions absent evidence of legislative intent to impose civil liability?

- Does a plaintiff asserting a wrongful death claim premised on allegations that firearms manufacturers and dealers knowingly violated federal and state machine gun prohibitions have "a cause of action against the manufacturer or distributor of any firearm . . . merely because the firearm or ammunition was capable of causing serious injury, damage or death, was discharged and proximately caused serious injury, damage or death[,]" under Nevada Revised Statutes § 41.131?

- Does Nevada Revised Statutes § 41.131 allow a wrongful death claim premised on allegations that firearms manufacturers and dealers knowingly violated federal and state machine gun prohibitions because the statute is "declaratory and not in derogation of the common law"?

/ / / /

/ / / /

/ / / /

## I.   BACKGROUND

Carrie Parsons was killed in the October 1, 2017 mass shooting in Las Vegas.  Her parents, plaintiffs James Parsons and Ann-Marie Parsons, sue the manufacturers[1] (Manufacturers) and dealers[2] (Dealers) that made and sold the AR-15 rifles used in the shooting.

The Parsons filed suit in the Eighth Judicial District Court for Clark County, Nevada on July 2, 2019, asserting claims for wrongful death, negligence per se, and negligent entrustment. The defendants removed the case to the United States District Court for the District of Nevada. The defendants moved to dismiss the Parsons' complaint, arguing that their claims are barred by the Protection of Lawful Commerce in Arms Act (PLCAA), Nevada Revised Statutes (NRS) § 41.131, and common-law causation principles.  I originally dismissed the Parsons' negligent entrustment and negligence per se claims without leave to amend because they failed to state a cognizable claim under the PLCAA and Nevada common law.  I denied the motion to dismiss the wrongful death claim, concluding that as pleaded it was not barred by the PLCAA or common-law causation principles. *Id.*

### A.  Negligence Per Se

I originally dismissed the Parsons' negligence per se claims because federal courts sitting in Nevada have applied a rule announced in two Supreme Court of Nevada decisions that the violation of a penal statute is not negligence per se absent evidence of legislative intent to impose civil liability. *See Hinegardner v. Marcor Resorts, L.P.V.*, 844 P.2d 800, 803 (Nev. 1992); *Bell v. Alpha Tau Omega Fraternity, Eta Epsilon Chapter*, 642 P.2d 161, 162 (Nev. 1982).  I later

---

[1] Colt's Manufacturing Company LLC, Colt Defense LLC, Daniel Defense Inc., Patriot Ordnance Factory, FN America, Noveske Rifleworks LLC, Christensen Arms, Lewis Machine & Tool Company, and LWRC International LLC.

[2] Discount Firearms and Ammo LLC, Sportsman's Warehouse, and Guns and Guitars Inc.

1  reconsidered my order dismissing the Parsons' negligence per se claims because: (1) the

2  Supreme Court of Nevada's decisions  could be read to support a presumption that a violation of

3  a penal statute is not negligent per se absent legislative intent or alternatively a presumption that

4  a violation of a penal statute is negligence per se absent legislative intent to the contrary; and

5  (2) the prior decisions do not address the issue outside the context of alcohol laws.  I decided to

6  certify an additional question to the Supreme Court of Nevada because: (1) the question presents

7  significant issues with important public policy ramifications for Nevada; and (2) certification of

8  this dispositive question alongside the other questions will save time and judicial resources.  So I

9  certify the above question regarding under what circumstances a violation of a penal statute

10  constitutes negligence per se.

11  **B.  NRS § 41.131**

12  The defendants argued that the Parsons' wrongful death claim is barred by NRS § 41.131,

13  which states that "[n]o person has a cause of action against the manufacturer or distributor of any

14  firearm or ammunition merely because the firearm or ammunition was capable of causing serious

15  injury, damage or death, was discharged and proximately caused serious injury, damage or

16  death."  The statute further states that it is "declaratory and not in derogation of the common

17  law" and includes an exception for actions based on production or design defects. *Id.*

18  The defendants argue this statute bars the wrongful death claim because the Parsons do

19  not allege that the AR-15s used in the October 1 shooting were defective.  The Parsons respond

20  that their suit falls outside of § 41.131's reach because their central allegation is that the

21  defendants violated federal and Nevada law by manufacturing and selling illegal machine guns.

22  Thus, they contend, they are not suing the defendants "merely" because the firearms were

23  capable of causing—and caused—their daughter's death.

The text and legislative history of § 41.131 are capable of multiple reasonable interpretations.  The statute was enacted in 1985, but Nevada courts have yet to interpret it.  The parties have not identified, and I have not found, a federal or state decision that has even cited it. This case presents important public policy concerns that should be addressed by the Nevada court.  I am particularly concerned by the defendants' concession in oral argument that under their interpretation § 41.131 would immunize even a defendant that manufactured and sold Tommy guns or M-16 rifles to civilians.  The Supreme Court of Nevada should be allowed to interpret § 41.131 on first impression.  So I denied the defendants' motion to dismiss on this ground without prejudice to refiling it, and I certify the above questions to the Supreme Court of Nevada.

## II.   PARTIES' NAMES AND DESIGNATION OF APPELLANT AND RESPONDENTS

Plaintiffs: James Parsons, individually and as Special Administrator of the Estate of Carolyn Lee Parsons; Ann-Marie Parsons.

Defendants: Colt's Manufacturing Company LLC; Colt Defense LLC; Daniel Defense Inc.; Patriot Ordnance Factory; FN America; Noveske Rifleworks LLC; Christensen Arms; Lewis Machine & Tool Company; LWRC International LLC; Discount Firearms and Ammo LLC; DF&A Holdings, LLC; Maverick Investments, LP; Sportsman's Warehouse; Guns and Guitars Inc.

Because the defendants argue that § 41.131 mandates dismissal of this lawsuit, I designate the plaintiffs as the appellants.

/ / / /

/ / / /

4

### III. NAMES AND ADDRESSES OF COUNSEL FOR THE PARTIES

Counsel for the plaintiffs/appellants:

> Matthew L. Sharp
> Matthew L. Sharp, Ltd.
> 432 Ridge St.
> Reno, NV 89501
>
> Joshua David Koskoff
> Koskoff, Koskoff, & Bieder, PC
> 350 Fairfield Ave.
> Bridgeport, CT 06604
>
> Richard Friedman
> Friedman Rubin
> 1126 Highland Ave.
> Bremerton, WA 98337

Counsel for defendants/respondents Colt's Manufacturing Company, LLC, Colt Defense LLC, Patriot Ordnance Factory, Lewis Machine & Tool Company, and LWRC International, LLC:

> Jay Joseph Schuttert and Alexandria Layton
> Evans Fears & Schuttert LLP
> 2300 W. Sahara Avenue
> Suite 950
> Las Vegas, NV 89102
>
> John Renzulli, Christopher Renzulli, and Scott Charles Allan
> Renzulli Law Firm, LLP
> One North Broadway, Suite 1005
> White Plains, NY 10601

Counsel for defendants/respondents FN America:

> Jessica Chong, Mary Bacon, and John Mowbray
> Spencer Fane LLP
> 300 S. Fourth Street
> Suite 950
> Las Vegas, NV 89101
>
> Camden R. Webb and Robert C. Van Arnam
> Williams Mullen
> 301 Fayetteville St., Ste. 1700
> Raleigh, NC 27601

1    Justin S. Feinman and Turner A. Broughton
     Williams Mullen
2    200 South 10th Street 16th Floor
     Richmond, VA 23219
3
     Counsel for defendants/respondents Christensen Arms:
4
     Jay Joseph Schuttert and Alexandria Layton
5    Evans Fears & Schuttert LLP
     2300 W. Sahara Avenue
6    Suite 950
     Las Vegas, NV 89102
7
     Bryon J. Benevento
8    Dorsey & Whitney, LLP
     111 S. Main Street, Suite 2100
9    Salt Lake City, UT 84111-2176

10   Counsel for defendants/respondents Daniel Defense, Inc. and Sportsman's Warehouse:

11   Patrick Byrne and V. R. Bohman
     Snell & Wilmer L.L.P.
12   3883 Howard Hughes Pkwy., Ste. 1100
     Las Vegas, NV 89169
13
     Counsel for defendant/respondent Noveske Rifleworks, LLC:
14
     Loren Young
15   Lincoln, Gustafson & Cercos
     3960 Howard Hughes Parkway, Suite 200
16   Las Vegas, NV 89169

17   Anthony Pisciotti, Ryan Erdreich, and Danny C. Lallis
     Pisciotti Malsch
18   30 Columbia Turnpike, Suite 205
     Florham Park, NJ 07932
19
     Counsel for defendants/respondents Guns & Guitars, Inc.:
20
     Michael Nunez
21   Murchison & Cumming, LLP
     350 S. Rampart Blvd., Suite 320
22   Las Vegas, NV 89145

23   / / / /

6

1 | James B. Vogts
Swanson, Martin & Bell LLP
2 | 330 N. Wabash, Suite 3300
Chicago, IL 60611
3 |
Counsel for defendants/respondents Discount Firearms and Ammo, LLC, DF&A Holdings, LLC,
4 | and Maverick Investments, LP:

5 | Ismail Amin and Jessica Guerra
The Amin Law Group, Ltd.
6 | 3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
7 |
Christopher M. Chiafullo
8 | The Chiafullo Group, LLC
244 Fifth Avenue, Suite 1960
9 | New York, NY 10001

10 | **IV.    ANY OTHER MATTERS THE CERTIFYING COURT DEEMS RELEVANT TO**

11 | **A DETERMINATION OF THE QUESTIONS CERTIFIED**

12 |       I defer to the Supreme Court of Nevada to decide whether it requires any other

13 | information to answer the certified questions.  I do not intend my framing of the questions to

14 | limit the Supreme Court of Nevada's consideration of the issues.

15 | **V.    CONCLUSION**

16 |       I THEREFORE ORDER the Clerk of Court to forward this Order under official seal to

17 | the Supreme Court of the State of Nevada, 201 South Carson Street, Suite 201, Carson City,

18 | Nevada 89701-4702.

19 |       DATED this 8th day of May, 2020.

20 |

21 | _____
ANDREW P. GORDON
22 | UNITED STATES DISTRICT JUDGE

23 |