John H. Mowbray (NV Bar No. 1140)
jmowbray@spencerfane.com
Mary E. Bacon (NV Bar No. 12686)
mbacon@spencerfane.com
Jessica E. Chong (NV Bar No. 13845)
jchong@spencerfane.com
SPENCER FANE LLP
300 S. Fourth Street, Suite 950
Las Vegas, NV 89101
(702) 408-3400
(702) 408-3401 (facsimile)

Turner A. Broughton (*Pro Hac Vice*)
tbroughton@williamsmullen.com
Justin S. Feinman (*Pro Hac Vice*)
jfeinman@williamsmullen.com
WILLIAMS MULLEN, PC
200 South 10th Street, 16th Floor
Richmond, VA  23219
(804) 420-6000
(804) 420-6507 (facsimile)

Robert C. Van Arnam (*Pro Hac Vice*)
rvanarnam@williamsmullen.com
Camden R. Webb (*Pro Hac Vice*)
cwebb@williamsmullen.com
WILLIAMS MULLEN, PC
301 Fayetteville Street, Suite 1700
Raleigh, NC  27601
(919) 981-4000
(919) 981-4300 (facsimile)
*Counsel for Defendant FN America, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES PARSONS, individually and as Special Administrator of the Estate of Carolyn Lee Parsons, and ANN-MARIE PARSONS, <br><br>  Plaintiffs**,** <br><br> v. <br><br> COLT'S MANUFACTURING COMPANY LLC, *et. al*., <br><br>  Defendants, | Civil Action No. 2:19-cv-01189-APG-EJY <br><br> **DEFENDANTS' MOTION TO CERTIFY ORDERS FOR DISCRETIONARY INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)** |

1

Defendants Colt's Manufacturing Company LLC; Colt's Defense LLC; Daniel Defense, LLC; Patriot Ordnance Factory, Inc.; FN America, LLC; Noveske Rifle Works LLC; Christensen Arms; Lewis Machine & Tool Company; LWRC International LLC; Discount Guns & Ammo; DF&A Holdings LLC; Maverick Investments LP; Guns & Guitars, Inc.; and Sportsman's Warehouse, Inc. (collectively, "Defendants"), by counsel, pursuant to 28 U.S.C. § 1292(b), move the Court to certify the Order granting in part and denying in part Defendants' Motion to Dismiss (ECF No. 98) (the "MTD Order"), and the Order denying Defendants' Motion for Reconsideration (ECF No. 115) (the "Recon. Order") (collectively, the "Orders") to allow pursuit of a discretionary interlocutory appeal pursuant to Rule 5 of the Federal Rules of Appellate Procedure.

## INTRODUCTION

Defendants respectfully request that the Court certify the Orders for an interlocutory appeal because the three standards articulated in § 1292(b) are satisfied:

(1) The Orders involve controlling questions of law about whether Plaintiffs' claims satisfy the predicate exception in the Protection of Lawful Commerce in Arms Act ("PLCAA"), and whether *Chevron* deference should apply to the ATF's interpretive rulings and its Final Rule on Bump-Stock-Type Devices (the "Final Rule");

(2) There is substantial ground for difference of opinion. The parties dispute the interpretation of the Final Rule, which has been treated as merely interpretive here, even though the D.C. Circuit and the Tenth Circuit reached the conclusion that the Final Rule was legislative; and

(3) An appeal may advance the ultimate termination of the litigation because a determination that the subject rifles were not machineguns, or that Defendants did not knowingly violate the law would be dispositive of the action, and save the Court and Parties considerable time and expense from continued litigation.

The Court may also certify an appeal without the risk of undue delay or prejudice because the case is already stayed pending consideration of questions of law certified to the Supreme Court of Nevada. Because the Ninth Circuit has not yet spoken on these novel legal issues, Defendants respectfully submit that the Court should certify the Orders for an interlocutory appeal and extend the stay of litigation already in place pending Ninth Circuit review.

**P**ROCEDURAL **B**ACKGROUND OF THE **C**ONTESTED **O**RDERS

On April 10, 2020, the Court found that Plaintiffs plausibly alleged wrongful death claims based on Defendants' alleged violations of 18 U.S.C. § 922(b)(4) and Nev. Stat. § 202.350(1)(b), and that the violations satisfied the predicate exception to the PLCAA. *See MTD Order* at 11 (ECF No. 98). The Court's decision first distinguishes existing Supreme Court precedent because it did not consider the definition of a machinegun but rather focused on the *mens rea* component needed to show a criminal violation for possession of a machinegun. *Id.* at 9 (citing *Staples v. United States*, 511 U.S. 600, 612 (1994)). Both the criminal statute at issue in *Staples* and the predicate exception in dispute here require a knowing violation of the law. *See* 26 U.S.C. § 5861(d). The Court dismissed Defendants' other legal arguments based on Plaintiffs' allegations that (1) bump stocks only recently emerged, and (2) the defendants knew that such devices allowed their AR-15 type rifles to fire automatically through simple modification. *Id.* at 11.

Underpinning much of the MTD Order is the Court's determination that it need not apply deference to three ATF rulings (Nos. 82-2, 81-4, and 2006-2) (the "ATF Rulings") because those interpretative rulings were not promulgated through notice and comment proceedings. *See id.* at 10 n.6 (citing *United States v. TRW Rifle 7.62X51mm Caliber, One Model 14 Serial 593006*, 447 F.3d 686, 688 (9th Cir. 2006)).[1] The Court set those interpretations aside in favor of Plaintiffs' novel legal theory—that the ability to remove an existing stock and replace it with a bump stock satisfied the statutory definition of "designed to shoot" automatically. *Id.* at 8–9. Although the Order did not directly examine the Final Rule, the absence of analysis confirms that deference was not afforded to the Final Rule's legislative directive that firearms modified with bump stocks would remain legal under the National Firearms Act of 1934 ("NFA") and the Gun Control Act of 1968 ("GCA") until its effective date on March 26, 2019. *Compare id.* at 11, *with Aposhian v.*

---

[1] The MTD Order denied the ATF Rulings *Auer* deference, which is similar to *Chevron* deference, but concerns an agency's regulatory interpretations, rather than its statutory ones. *See MTD Order* at 10. The ATF Rulings and the Final Rule both interpret statutory language, and therefore *Chevron*, not *Auer*, deference applies. Further, in *TRW Rifle*, the Ninth Circuit determined that the statutory language at issue was clear and unambiguous, and therefore, the court did not need to look to the agency's interpretation of the statute to render an opinion. *See* 447 F.3d at 692 (performing the first step of *Chevron* deference).

3

*Barr*, 958 F.3d 969, 980 (10th Cir. 2020). That effective date was approximately eighteen months after the shooting that underpins this litigation. *See* Compl. ¶¶ 131, 137 (ECF No. 1).

On July 20, 2020, the Court denied Defendants' Motion for Reconsideration, holding that neither the Final Rule, nor the ATF Rulings are eligible for *Chevron* deference. *Recon. Order* at 1 (ECF No. 115). In declining to afford deference to the ATF Rulings, the Court noted that Defendants did not provide insight into the ATF's decision-making process in labeling unmodified firearms "as semi-automatic rifles prior to installation of third-party components." *Id.* at 5–6. As to the Final Rule, the Court held that Final Rule was issued solely to provide clarification to the phrases, "single function of the trigger" and "automatically." *Id.* at 6–7. The Court found that the Final Rule's effective date did not compel dismissal because the Plaintiffs alleged knowing violations of 26 U.S.C. § 5845(b) and 18 U.S.C. § 922(b)(4), which predate the shooting. *Id.* at 7–8. The Court correctly noted that the Ninth Circuit has not directly addressed this issue and declined to follow two recent decisions from other circuit courts that refused to label the Final Rule as "merely interpretative." *Id.* at 7 (acknowledging *Guedes v. ATF*, 920 F.3d 1 (D.C. Cir. 2019) and *Aposhian v. Barr*, 958 F.3d 969 (10th Cir. 2020), which hold that the Final Rule was legislative based on its clear change to the enforcement standards for bump stocks under the GCA and NFA).

## LEGAL STANDARD

Certification by the trial court is necessary before a party may appeal an order that is neither a final decision under 28 U.S.C. § 1291, nor an interlocutory order for which Congress has expressly authorized an immediate appeal under 28 U.S.C. § 1292(a). Nonetheless, an immediate discretionary appeal is authorized under 28 U.S.C. § 1292(b), so long as the orders in question "[1] involve[] a controlling question of law [2] as to which there is substantial ground for difference of opinion," and where "[3] an immediate appeal from the order[s] may materially advance the ultimate termination of the litigation." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687–88 (9th Cir. 2011) (quoting 28 U.S.C. § 1292(b)). The party moving to certify an order bears the burden of demonstrating that the statutory requirements of 28 U.S.C. § 1292(b) are satisfied. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

## ARGUMENT

The Court should certify the Orders for interlocutory appeal because (1) all of the three § 1292(b) factors are satisfied, (2) no substantial prejudice or delay will result by continuing the stay already in place, and (3) Defendants' request is being made within a reasonable period after their Motion for Reconsideration was denied.

### I.   The Orders Consider Controlling Questions of Law.

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  The question of law need not be dispositive of the entire lawsuit in order to be regarded as controlling. *See U.S. v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).

The Orders here are controlling because they directly address dispositive questions of law. Defendants contend that Plaintiffs' entire lawsuit, which seeks to hold them liable for injuries caused by a third-party shooter, is barred by the PLCAA. *See Defs.' Mem. Supp. MTD* at 2 (ECF No. 80). The Court disagreed on legal grounds, finding that the predicate exception was satisfied because Plaintiffs plausibly alleged wrongful death claims based on a knowing violation of a State or Federal statute applicable to the sale or marketing of the firearms. *See MTD Order* at 5 (invoking 15 U.S.C. § 7903(5)(A)(iii)). The Court thereafter rejected Defendants' argument that no violation of a predicate statute can be shown, as a matter of law, if *Chevron* deference is afforded to the ATF Rulings and the Final Rule. *See Recon. Order* at 7–8.

The contested findings do not concern an application of the facts to well-settled law. Rather, the Parties disagree about (1) whether deference to the Final Rule requires a finding that the subject rifles were sold legally at the time of the shooting, and (2) the extent to which existing precedent, the ATF Rulings, and prior legislation control disputed questions of statutory interpretation.  Plaintiffs are pursuing novel, untested theories of recovery, and each of the above disputes concern purely legal issues that are appropriate for an interlocutory appeal. *See, e.g., Sanders v. City of Bakersfield*, No. 1:04-cv-05541, 2007 WL 3274219, *3 (E.D. Cal. Nov. 5, 2007) (granting a motion to certify an order for interlocutory appeal). Because the Orders directly

address novel and dispositive questions of law, the identified issues qualify as "controlling" under § 1292(b).

## II.     There is Substantial Ground for Difference of Opinion.

To permit an appeal under § 1292(b), there must be substantial ground for difference of opinion as to the question(s) raised. *See Fortyune v. City of Lomita*, 766 F.3d 1098, 1101 n.2 (9th Cir. 2014). A "substantial ground for difference of opinion" exists where reasonable litigants, governmental entities, or jurists might disagree on an issue's resolution. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (accepting certification of a discretionary appeal).

Reasonable minds may differ on whether the *mens rea* standard articulated in *Staples*, the ATF Rulings, the passage of a separate "assault weapons ban," and the lack of any prosecutions for selling AR-15 type rifles foreclose the possibility that the subject rifles were sold in knowing violation of the NFA, the GCA, or Nevada law based solely on the availability of third-party accessories. *MTD Order* at 8–11 (ECF No. 98). The same is true of the Court's determination that the Final Rule was enacted only to clarify the statutory terms "single function of the trigger" and "automatically." *Recon. Order* at 7 (ECF No. 115). Indeed, the Tenth Circuit held that the Final Rule was legislative because it was "promulgated pursuant to a direct delegation of legislative power," and clearly enacted "changes [to] existing law, policy, or practice." *See Aposhian*, 958 F.3d at 979–80. (quoting *Rocky Mountain Helicopters, Inc. v. F.A.A.*, 971 F.2d 544, 546 (10th Cir. 1992)). *See also Guedes*, 920 F.3d at 18 ("The Rule unequivocally bespeaks an effort by the [ATF] to adjust the legal rights and obligations of bump-stock owners—*i.e.*, to act with the force of law. The Rule makes clear throughout that possession of bump-stock devices will become unlawful only as of the Rule's effective date, not before."). It is the Final Rule's clear change to existing law that forms the crux of Defendants' argument that no violation of a predicate statute could have occurred because bump stocks, and rifles that were or could be modified with such devices, were legal at the time of the shooting. *See Defs.' Mem. Supp. Recon.* at 2 (ECF No. 108).

Courts traditionally find a substantial ground for difference of opinion where, as here, various courts have reached different conclusions, and the court of appeals where the action is

6

pending "has not spoken on the point." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The present circumstances embody that standard precisely. A difference of opinion exists concerning the extent of *Chevron* deference afforded the Final Rule and the ATF Rulings, and the effect those agency decisions have on interpretation of the NFA and GCA. Plaintiffs and this Court have articulated one opinion, and Defendants, the D.C. Circuit, and the Tenth Circuit have expressed an opposing view. The "Ninth Circuit has not [yet] addressed the question." *Recon. Order* at 7 (ECF No. 115). Recognizing that reasonable minds might differ, Defendants respectfully request that the Court certify the Orders to provide the Ninth Circuit with an opportunity to resolve these unsettled questions of law.

### III. An Appeal Would Advance the Litigation Without Substantial Delay.

As for the third factor, an interlocutory appeal need not have a "final, dispositive effect on the litigation," but it must present an opportunity to "materially advance the litigation." *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (quoting 28 U.S.C. § 1292(b)).

For all the reasons noted above, the requested certification would advance the litigation because there is a reasonable chance that the Ninth Circuit's clarification of the law will align with the persuasive authority cited by Defendants. If that happens, the interlocutory appeal will result in dismissal of the entire lawsuit without the Court and the numerous parties enduring the time and substantial expense associated with discovery, summary judgment motions, a potential trial, and any subsequent appeals brought from a final decision. These savings would be substantial because this case has not been pending for years, a trial date has not been selected, and discovery has not yet commenced. *Cf. Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (refusing to allow an appeal that would delay a trial). As a result, the requested appeal presents an opportunity to short-circuit years of potentially unnecessary litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (finding interlocutory appeals appropriate to possibly "avoid protracted and expensive litigation," saving the court and parties "unnecessary trouble and expense").

### IV. A Stay of Litigation is Appropriate.

A stay of litigation is not automatically required during discretionary appeals. *See* 28 U.S.C. § 1292(b). But in this case, a stay of litigation would not impart undue prejudice or substantial delay on the parties or the Court. Importantly, the parties have already consented to, and the Court has ordered, a stay of litigation while certified questions of state law are answered by the Supreme Court of Nevada. *See Stip. Order* at 6 (ECF No. 104); *Am. Order Certifying Questions* at 1 (ECF No. 109). Because an appeal could proceed in parallel with the certification and stay already in place, the action is uniquely well-suited for an interlocutory appeal.

### V. The Request for Certification is Timely.

Finally, no statute or rule imposes a strict deadline for seeking an interlocutory certification by motion, but courts generally require a party to move "within a reasonable time after the order sought to be appealed." *See Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000); *see also Allstate Ins. Co. v. Nassiri*, No. 2:08–cv–369, 2012 WL 3879887, at *1 (D. Nev. Sept. 6, 2012) ("Section 1292 does not provide a timeframe in which a request for certification of an order for interlocutory appeal must be made."). What constitutes a reasonable amount of time depends on the circumstances. In one case, the court accepted a gap of nearly five months during which counsel took an extended vacation, while another court rejected a request made only two months after entry of the disputed order. *Compare Lopez v. Youngblood*, Case No. 1:07-cv-0474 DLB, 2009 WL 2062883, at *4 (E.D. Cal. July 15, 2009) (accepting a five-month delay), *with Richardson Elecs. Ltd. v. Panache Broadcasting of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) (finding two months to be "inexcusably dilatory"). Defendants are seeking certification within ten days of the Reconsideration Order to ensure that, under any standard, the certification request is made within a reasonable time.

### CONCLUSION

As set forth above, the Orders satisfy the standards articulated in 28 U.S.C. § 1292(b), a continuation of the stay already in place will not cause undue prejudice or delay, and the issue of certification was timely raised. Accordingly, Defendants respectfully request the Court certify its Orders to allow an interlocutory appeal under Rule 5 of the Federal Rules of Appellate Procedure.

8

Dated this 30th day of July 2020.

| SPENCER FANE LLP | THE AMIN LAW GROUP, LTD. |
|---|---|
| /s/ John H. Mowbray | /s/ Ismail Amin |
| John H. Mowbray (Nev. Bar. No. 1140) | Ismail Amin (Nev. Bar No. 9343) |
| jmowbray@spencerfane.com | iamin@talglaw.com |
| Mary E. Bacon (Nev. Bar No. 12686) | 3753 Howard Hughes Parkway, Suite 200 |
| mbacon@spencerfane.com | Las Vegas, NV 89169 |
| Jessica Chong (Nev. Bar. No. 13845) | Telephone: (702) 990-3583 |
| jchong@spencerfane.com | Facsimile: (702) 441-2488 |
| 300 South 4th Street, Suite 950 | |
| Las Vegas, NV 89101 | Christopher M. Chiafullo (*Pro Hac Vice*) |
| Telephone: (702) 408-3414 | cchiafullo@chiafullogroup.com |
| Facsimile: (702) 408-3401 | The Chiafullo Group, LLC |
| | 244 Fifth Avenue, Suite 1960 |
| Robert C. Van Arnam (*Pro Hac Vice*) | New York, NY 10001 |
| rvanarnam@williamsmullen.com | Telephone: (908) 741-8531 |
| Camden R. Webb (*Pro Hac Vice*) | |
| crwebb@williamsmullen.com | *Counsel for Defendants Discount Firearms and Ammo, LLC, DF&A Holdings, LLC, and Maverick Investments, LP* |
| Williams Mullen, PC | |
| 301 Fayetteville Street, Suite 1700 | |
| Raleigh, NC 27601 | |
| Telephone: (919) 981-4000 | |
| Facsimile: (919) 981-4300 | |
| | |
| Turner A. Broughton (*Pro Hac Vice*) | |
| tbroughton@williamsmullen.com | |
| Justin S. Feinman (*Pro Hac Vice*) | |
| jfeinman@williamsmullen.com | |
| Williams Mullen, PC | |
| 200 South 10th Street, 16th Floor | |
| Richmond, VA 23219 | |
| Telephone: (804) 420-6000 | |
| Facsimile: (804) 420-6507 | |
| | |
| *Counsel for Defendant FN America* | |
| | |
| PISCIOTTI MALSCH | MURCHISON & CUMMING, LLP |
| /s/ Ryan Erdreich | /s/ Michael Nunez |
| Anthony Pisciotti (*Pro Hac Vice*) | Michael Nunez (Nev. 10703) |
| apisciotti@pmlegalfirm.com | mnunez@murchisonlaw.com |
| Ryan Erdreich (*Pro Hac Vice*) | 350 S. Rampart Blvd., Suite 3200 |
| rerdreich@pmlegalfirm.com | Las Vegas, NV 89145 |
| 30 Columbia Turnpike, Suite 205 | Telephone: (702) 360-3856 |
| Florham Park, NJ 07932 | Facsimile: (702) 360-3957 |
| Telephone: (973) 245-8100 | |
| Facsimile: (973) 245-8101 | James Vogts (*Pro Hac Vice*) |

9

| | |
|---|---|
| Loren S. Young, Esq.<br>lyoung@lgclawoffice.com<br>Lincoln Gustafson & Cercos, LLP<br>3960 Howard Hughes Parkway, Suite 200<br>Las Vegas, NV 89169<br>Telephone: (702) 257-1997<br>Facsimile: (702) 257-2203<br><br>*Counsel for Defendant Noveske Rifleworks, LLC* | jvogts@smbtrials.com<br>Swanson, Martin & Bell LLP<br>330 N. Wabash, Suite 3300<br>Chicago, IL 60611<br>Telephone: (312) 321-9100<br>Facsimile: (312) 321-0990<br><br>*Counsel for Defendant Guns & Guitars, Inc.* |
| SNELL & WILMER L.L.P.<br>*/s/ V.R. Bohman*<br>Patrick G. Byrne (Nev. Bar No. 7636)<br>pbyrne@swlaw.com<br>V.R. Bohman (Nev. Bar No. 13075)<br>vbohman@swlaw.com<br>3883 Howard Hughes Parkway, Suite 1100<br>Las Vegas, NV 89169<br>Telephone: (702) 784-5200<br>Facsimile: (702) 784-5252<br><br>*Counsel for Defendants Daniel Defense, LLC, and Sportsman's Warehouse, Inc.* | RENZULLI LAW FIRM, LLP<br>*/s/ Scott C. Allan*<br>John F. Renzulli (*Pro Hac Vice*)<br>jrenzulli@renzullilaw.com<br>Christopher Renzulli (*Pro Hac Vice*)<br>crenzulli@renzullilaw.com<br>Scott C. Allan (*Pro Hac Vice*)<br>sallan@renzullilaw.com<br>Renzulli Law Firm, LLP<br>One North Broadway, Suite 1005<br>White Plains, NY 10601-2310<br>Telephone: (914) 285-0700<br>Facsimile: (914) 285-1213<br><br>Jay J. Schuttert (Nev. Bar No. 8656)<br>jschuttert@efstriallaw.com<br>Alexandria L. Layton (Nev. Bar No. 14228)<br>alayton@efstriallaw.com<br>2300 West Sahara Avenue, Suite 950<br>Las Vegas, NV 89102<br>Telephone: (775) 805-0290<br>Facsimile: (775) 805-0291<br><br>*Counsel for Defendants Colt's Manufacturing Company, LLC, Colt Defense, LLC, Christensen Arms, Lewis Machine & Tool Company, LWRC International, LLC, and Patriot Ordnance Factory, Inc.* |

# CERTIFICATE OF SERVICE

On July 30, 2020, I certify that a true and correct copy of **DEFENDANTS' MOTION TO CERTIFY ORDERS FOR DISCRETIONARY INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)** was filed using the Court's CM/ECF system, which will electronically notify all counsel of record including the following.

Alexandria LaVonne Layton    alayton@efstriallaw.com, fradford@efstriallaw.com

Anthony Michael Pisciotti    apisciotti@pmblegalfirm.com

Camden R. Webb    crwebb@williamsmullen.com, awilliams@williamsmullen.com, bdurand@williamsmullen.com

Christopher Renzulli    crenzulli@renzullilaw.com

Danny C. Lallis    dlallis@pmlegalfirm.com, docket@pmlegalfirm.com

Ismail Amin    iamin@talglaw.com, acurren@talglaw.com, dflandez@talglaw.com, jguerra@talglaw.com, kvang@talglaw.com, tamin@talglaw.com

James Brian Vogts    jvogts@smbtrials.com

Jay Joseph Schuttert    jschuttert@efstriallaw.com, alayton@efstriallaw.com, bmarshall@efstriallaw.com, fradford@efstriallaw.com, rbennett@efstriallaw.com

Jessica Chong    jchong@spencerfane.com

John Renzulli    jrenzulli@renzullilaw.com

John H Mowbray    mowbraylaw@earthlink.net, amiller@spencerfane.com, jchong@spencerfane.com, jmowbray@spencerfane.com

Joshua David Koskoff    JKoskoff@Koskoff.com, cobremski@koskoff.com, lgullotta@koskoff.com

Justin S. Feinman    jfeinman@williamsmullen.com

| | |
|---|---|
| 1 | Loren Young    lyoung@lgclawoffice.com, bpederson@lgclawoffice.com, creilly@lgclawoffice.com, earthur@lgclawoffice.com, kmack@lgclawoffice.com, mbailus@lgclawoffice.com, sibarra@lgclawoffice.com, ssplaine@lgclawoffice.com |

Loren Young   lyoung@lgclawoffice.com, bpederson@lgclawoffice.com, creilly@lgclawoffice.com, earthur@lgclawoffice.com, kmack@lgclawoffice.com, mbailus@lgclawoffice.com, sibarra@lgclawoffice.com, ssplaine@lgclawoffice.com

Mary E Bacon   mbacon@spencerfane.com, amiller@spencerfane.com, ekuchman@spencerfane.com

Matthew L. Sharp   matt@mattsharplaw.com, cristin@mattsharplaw.com, suzy@mattsharplaw.com

Michael J. Nunez   mnunez@murchisonlaw.com, khaman@murchisonlaw.com, ngarcia@murchisonlaw.com

Richard Friedman   rfriedman@friedmanrubin.com, dwatkins@friedmanrubin.com, wcummings@friedmanrubin.com

Robert C. Van Arnam   rvanarnam@williamsmullen.com, mlennox@williamsmullen.com

Ryan Erdreich   rerdreich@pmlegalfirm.com

Scott Charles Allan   sallan@renzullilaw.com

Turner A. Broughton   tbroughton@williamsmullen.com

V. R. Bohman   vbohman@swlaw.com, docket_las@swlaw.com, lluxford@swlaw.com, thiggins@swlaw.com

                                 /S/ ADAM MILLER
                                 SPENCER FANE LLP