# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES PARSONS, individually and as Special Administrator of the Estate of Carolyn Lee Parsons, and ANN-MARIE PARSONS,

    Plaintiffs

v.

COLT'S MANUFACTURING COMPANY, LLC, et al.,

    Defendants

Case No.: 2:19-cv-01189-APG-EJY

**Order to Show Cause Why This Action Should Not Be Remanded Upon Reconsideration**

On July 9, 2019, defendant FN America removed this action from state court before any of the defendants was served with process. ECF No. 1. The plaintiffs moved to remand the case, arguing removal violated the local defendant rule of 28 U.S.C. § 1441(b)(2). ECF No. 50. The defendants responded that because the local defendant had not yet been served, removal was proper. I denied the motion to remand. ECF No. 112 at 11-12.

Since then, I have had occasion to re-examine this issue of so-called "snap removals," where a defendant seeks to avoid the local defendant rule by removing a case before the forum defendant has been served.[1] And I have changed my mind on this issue. I now believe that the statute's plain language does not answer the question, as evidenced by the number of courts reaching different conclusions on whether snap removal is permitted. The most cogent interpretation of the statute is that it assumes at least one party has been served before removal.

---

[1] *See, e.g., Wells Fargo Bank, N.A. v. Fid. Nat. Title Gr., Inc.*, 2:20-cv-01849-APG-NJK ECF No. 35 at 4-7 (Dec. 15, 2020); *HSBC Bank USA, N.A. v. Old Republic Nat. Ins. Gr., Inc.*, 2:20-cv-01838-APG-VCF ECF No. 24 at 4-7 (Dec. 15, 2020); *U.S. Bank N.A. v. Fid. Nat. Title Gr., Inc.*, 2:20-cv-01367-APG-DJA ECF No. 45 at 4-7 (Dec. 14, 2020).

*See Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 318 (D. Mass. 2013). The purposes underlying § 1441(b)(2) are better served by disallowing removal before any defendant is served. The plaintiff can preserve its ability to remain in state court by serving the forum defendant first and without delay. The non-forum defendant may still argue that service was unnecessarily delayed or that the forum defendant is a sham who should be disregarded for purposes of removal. *See Id.*, 934 F. Supp. 2d at 322-23. This interpretation is consistent with § 1441(b)(2)'s plain language and limits gamesmanship by the parties. *Id.* at 323. Further explanation of my current position can be found in my decisions cited in footnote 1 above.

Because of this, I am reconsidering my prior decision denying the motion to remand in this case. I am now inclined to grant the motion and remand this case to state court. Before doing so, I will give the parties the opportunity to again brief this issue, taking into account my recent decisions.

I THEREFORE ORDER that, by February 16, 2021, the defendants shall show cause in writing why this action should not be remanded to state court based on the local defendant rule of 28 U.S.C. § 1441(b)(2). The plaintiffs may file a response 21 days after the defendants file their brief.

DATED this 15th day of January, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE